UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES ALEXANDER,

|  |  |
|---|---|
| Plaintiff, | CASE NO. 06-CV-13537-DT |
| | JUDGE LAWRENCE P. ZATKOFF |
| | MAGISTRATE JUDGE PAUL J. KOMIVES |

v.

CLARENCE POWELL and
CYNTHIA GAUSE,

Defendants,

_____/

**REPORT AND RECOMMENDATION REGARDING
PLAINTIFF'S MOTION TO TRANSFER CASE (Doc. Ent. 18)**

**I.     RECOMMENDATION:** The Court should grant plaintiff's motion to transfer the case

back to Judge Gerald E. Rosen, the original judge.  (Doc. Ent. 18).  If the Court agrees with this

recommendation, then it should enter an order pursuant to E. D. Mich. LR 83.11(c)(2) which

directs the Clerk of the Court to reassign the instant case to Judge Rosen and Magistrate Judge R.

Steven Whalen.

**II.     REPORT**

**A.     The Prior Case**

Plaintiff is currently confined at Mound Correctional Facility (NRF) in Detroit,

Michigan.[1]  On August 9, 2005, plaintiff filed a pro se prisoner civil rights complaint against

defendants Andrew Jackson, the NRF Warden; Clearance Powell, described as an NRF Resident

Unit Manager; and Cynthia Gause, described as an NRF Assistant Resident Unit Supervisor.

_____

[1]*See* www.michigan/gov/corrections, "Offender Search".

*Alexander v. Jackson*, Case No. 05-CV-73073.  The case was assigned to Judge Gerald E. Rosen and Magistrate Judge R. Steven Whalen.

On June 9, 2006, Magistrate Judge Whalen entered a report recommending that defendants' motion to dismiss for failure to establish exhaustion of administrative remedies be granted and the complaint dismissed without prejudice.  Doc. Ent. 25 at 1.  Furthermore, it stated:  "Plaintiff will then have the option of refiling his Complaint after he has fully exhausted all claims against all Defendants, or simply refiling as to only Jackson and G[au]se, the exhausted Defendants."  Doc. Ent. 25 at 11.  On July 14, 2006, Judge Rosen entered an order adopting Magistrate Judge Whalen's report and recommendation and dismissing plaintiff's complaint.  Doc. Ent.  28.  Judgment was entered the same day.  Doc. Ent. 29.

On July 27, 2006, plaintiff filed a Fed. R. Civ. P. 60(b) motion for relief from the former judgment or, alternatively, motion for reconsideration.  Doc. Ent. 30.  On January 22, 2007, the Supreme Court issued its decision in *Jones v. Bock*, 127 S. Ct. 910 (2007), concluding in part that the PLRA does not require total exhaustion.  *Jones*, 127 S. Ct. at 914.  On March 15, 2007, acknowledging that *Jones* had abrogated *Brown v. Toombs*, 139 F.3d 1102 (6th Cir. 1998) and *Jones Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005), Judge Rosen entered an order granting plaintiff's motion for reconsideration, vacating the July 14, 2006 order and judgment, and reinstating plaintiff's case.  Doc. Ent. 31.

**B.**     **The Instant Case**

On August 8, 2006, after plaintiff filed the aforementioned Rule 60(b) motion but before the *Jones* decision and before Judge Rosen entered his order addressing the Rule 60(b) motion, plaintiff filed a pro se prisoner civil rights complaint against defendants Clarence Powell and

2

Cynthia Gause.  *See Alexander v. Powell*, Case No. 06-13537.  The case was assigned to Judge

Lawrence P. Zatkoff and Magistrate Judge Paul J. Komives.

Plaintiff claims that this complaint "has been <u>amended</u> to delete all references to the

Warden on resubmission."  Doc. Ent. 1 at 4 ¶ 5.  Further, it states, "[t]his Complaint is being

resubmitted because Plaintiff is still confined under prison conditions which impose[] a

significant risk to his immediate and future health and safety, directly related to the Defendants'

callous disregard of this constitutional rights."  Doc. Ent. 1 at 4 ¶ 6.

On December 27, 2006, Judge Zatkoff referred the following motions to me for

determination:  (1) defendants' November 6, 2006 motion for summary judgment (Doc. Ent.

10);[2] (2) plaintiff's December 14, 2006 motion to appoint counsel (Doc. Ent. 13) and (3)

plaintiff's December 14, 2006 motion to recall or rescind the IFP order (Doc. Ent. 14).

**C.      Plaintiff's Motion to Transfer the Instant Case Should Be Granted**

---

[2]Defendants argue that:

I.      MDOC has a non-smoking policy, and Mound Correctional Facility (NRF)
        has a tobacco-free unit.  Defendants enforced the non-smoking and tobacco-
        free policies to the best of their ability.  Imperfect enforcement of the policy
        does not state a claim of deliberate indifference under the Eighth
        Amendment.
II.     The failure to post non-smoking signs within the housing unit does not
        violate the Clean Indoor Act, MCL 333.12607(a), or the Eighth Amendment.
III.    There is no clearly established constitutional right for a prisoner to live in a
        smoke-free environment.  Defendants did not act, or fail to act, with
        deliberate indifference to a serious medical or health need in enforcing
        MDOC's no smoking policy or the requirements of the tobacco-free unit at
        Mound Correctional Facility.  Defendants are entitled to qualified immunity.

Doc. Ent. 10 at 13, 16.

On April 4, 2007, plaintiff filed a motion to transfer the case back to Judge Rosen, the original judge.  Doc. Ent. 18.  Specifically, plaintiff seeks an order granting his motion and directing that the case "be returned to its original posture as amended, or in the alternative, issue an order that the case be transferred to Judge Rosen's Court for a decision on all motions pending before this Court."  Doc. Ent. 18 at 5.  On April 10, 2007, Judge Zatkoff referred this motion to me for determination.  Doc. Ent. 19.[3]

The local rules of this Court provide that "[w]hen it becomes apparent to the Judge to whom a case is assigned that the case has been previously filed in this Court and assigned to another Judge and has later been discontinued, dismissed without prejudice or remanded to a State Court, the two Judges shall sign an order reassigning the case to the Judge who had been assigned the earlier case."  E. D. Mich. LR 83.11(c)(2).

Having considered the procedural history of these two cases, I conclude that the instant complaint should be reassigned to Judge Rosen and Magistrate Judge Whalen in accordance with E. D. Mich. LR 83.11(c)(2).  If the Court agrees with this recommendation, Judges Rosen and Zatkoff should enter an order directing the Clerk of the Court to reassign the case to Judge Rosen and Magistrate Judge Whalen.

### III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as

---

[3]The instant motion was referred to me for determination, likely because it is technically a non-dispositive motion. *See* 28 U.S.C. § 636(b)(1)(A).  However, because I conclude that plaintiff's motion to transfer should be granted and because such a conclusion would require entry of an order of reassignment signed by Judges Rosen and Zatkoff, I am addressing the instant motion through a report and recommendation to Judge Zatkoff.

provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific

objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 147-

48 (1985), *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir.

1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).  Filing of objections that

raise some issues but fail to raise others with specificity, will not preserve all the objections a

party might have to this Report and Recommendation.  *Miller v. Currie*, 50 F.3d 373, 380 (6th

Cir. 1995); *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers Local 231, American Federation of Teachers, ALF-CIO*, 829 F.2d 1370, 1373 (6th Cir.

1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this

Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the

opposing party may file a response.  The response shall not be more than five (5) pages in length

unless by motion and order such page limit is extended by the Court.  The response shall address

specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated 4/11/07

The undersigned certifies that a copy of the foregoing
order was served on the attorneys of record by electronic
means or U.S. Mail on April 11, 2007.

s/Eddrey Butts
Case Manager

5